EDGAR E. ROUNDS, Appellant, In Equity,

*vs.*

FLORENCE G. BASHAM, THOMAS WARD AND JAMES B. ALDRICH.

Cumberland.    Opinion June 6, 1917.

*Lien for lumber and material furnished under R. S., 1903, Chap. 93, Sec. 29;*
*R. S., 1916, Chap. 96, Sec. 29.    Rule as to whether plaintiff claiming lien*
*furnished the lumber and materials or simply became a guarantor*
*or surety for the lumber and materials supplied by another.*
*Rule as to mortgagee of property being affected by lien.*
*Rule as to mortgagee giving consent to*
*repairs on buildings.*

One who buys lumber of a dealer for the use of a contractor, who receives it
and uses it in the repair of a building, furnishes it within the meaning of R. S.,
1903, Chap. 93, Sec. 29; R. S., 1916, Chap. 96, Sec. 29, and has a lien on the
same for the building.

Bill in equity to maintain a lien on land and buildings on account
of lumber supplied in the construction of .same by plaintiff.    Cause
was heard upon bill, answer and proof.    After due hearing, sitting
Justice ruled that the bill be dismissed with costs for defendant
from which ruling plaintiff entered an appeal.    Decree below reversed.
Bill sustained with costs.    Case remanded for further proceedings in
accordance with the opinion.

Case stated in opinion.

*Harry E. Nixon, John T. Fagan, and Jacob H. Berman,* for appellant.

*Elmer Perry,* for appellee.

SITTING: SAVAGE, C. J., KING, HANSON, MADIGAN, JJ.

SAVAGE, C. J.    This bill in equity is brought to enforce a materialman's lien for lumber furnished for and used in the alteration and
repair of the cottage of the defendant, Florence G. Basham.    The
sitting Justice dismissed the bill, and the case comes before us on the
plaintiff's appeal.

The only question raised is whether the lumber was furnished by the plaintiff within the meaning of Revised Statutes, 1903, Chapter 93, Sec. 29. (R. S., 1916, Chap. 96, Sec. 29). This statute provides that "whoever . . . . furnishes labor or materials in erecting, altering, moving or repairing a house, . . . . by virtue of a contract with or by consent of the owner has a lien thereon . . . . to secure payment thereof."

The material facts undisputed by any admissible testimony are these. One Aldrich contracted with Miss Basham to repair her cottage. He tried to buy the necessary lumber from the Rufus Deering Company. They declined to sell to him. He then went to the plaintiff and asked him if he would furnish the lumber. The plaintiff replied, "Yes, go up to Rufus Deering & Company and get it." Aldrich went again to the Deering Company, and asked for the lumber upon plaintiff's oral order.. They telephoned to the plaintiff and asked him if it would be all right to give Aldrich some lumber on the plaintiff's account. The plaintiff answered, "Yes charge the same right up to me and I will pay for it." The Deering Company then delivered the lumber to Aldrich. How that company charged for it, or to whom it gave credit does not otherwise appear. The books of the Deering Company were not produced, and its officers and agents were not called to testify.

It is true that Miss Basham was permitted, against objection, to testify to some conversations she had with people in the Deering Company office, in the course of which "they" said that "Mr. Rounds had guaranteed the lumber," that they declined to receive payment from her, and gave her a written release. We assume that the persons she talked with were authorized to speak for the company. But even so, it was hearsay evidence. It was inadmissible, and cannot be considered.

If from the facts as found by us the legal conclusion is that the Deering Company sold the lumber to the plaintiff, and he furnished it to Aldrich, the plaintiff has a valid lien. In such case; Aldrich became liable to pay the plaintiff for it, but not liable to pay the Deering Company. On the other hand, if the Deering Company sold the lumber to Aldrich, upon the plaintiff's undertaking to pay for it, if Aldrich did not, or, in other words, if the plaintiff merely became responsible for Aldrich, the plaintiff had no lien. In such

case, his undertaking was collateral, in the nature of a guaranty, and we think he cannot be said to have furnished the lumber within the meaning of the statute.

The parties had a right to make such a contract as they chose. The plaintiff told Aldrich that he would furnish the lumber. By his message over the telephone he gave the Deering Company the right to regard the transaction as a sale to him. We think the legitimate conclusion is that the Deering Company sold the lumber to the plaintiff, but delivered it to Aldrich according to understanding, and that thereby the plaintiff furnished the lumber for Miss Basham's cottage, and has a lien thereon for the same.

One Ward, alleged to be a mortgagee, is made a party to the bill. Inasmuch as the sitting Justice dismissed the bill, he had no occasion to determine the validity of the mortgage, nor the question of priorities. The case must be remanded for the determination of these questions. R. S., Chap. 79, Sec. 22. The bill alleges that the materials were furnished by consent of the mortgagee. But that is not enough, even if proved. By consenting to the repairs, he did not lose any priority he had under his mortgage. *Morse* v. *Dole,* 73 Maine, 351; *Allen Co.* v. *Emerton,* 108 Maine, 221.

> *Decree below reversed.*
> *Bill sustained with costs.*
> *Case remanded for further proceedings*
>    *in accordance with the opinion.*